**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

**Maya Rinta**, OSB #195058
Email:  maya@albiesstark.com
Albies & Stark LLC
1 SW Columbia St Ste 1850
Portland OR  97204

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSE ARTEMIO CARMONA-PEREZ, | Case No. 6:20-cv-00186-AA |
| Plaintiffs,<br>       v. | AMENDED COMPLAINT |
| CITY OF SALEM, MICHAEL BASKETT, DANIEL CHASE, and THOMAS AMMON, | |
| Defendants. | |

This is a civil rights lawsuit brought by Plaintiff to vindicate the wrongdoing perpetrated by the Defendants City of Salem and Salem Police Officers Baskett, Chase, and Ammon. On February 28th, 2018, the Officer Defendants violently assaulted Plaintiff in contravention to the Constitution and State law. This violation of his rights occurred because of an unconstitutional policy and practice to not hold officers in Salem accountable for violating the constitution, and for failing to train the Officer Defendants to not violate the Constitution.

AMENDED COMPLAINT
Page 1 of 6

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). The court has supplemental jurisdiction over the State tort claims pursuant to 28 U.S. Code § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Salem, Marion County, Oregon.

## PARTIES

3. Jose Artemio Carmona-Perez, Plaintiff, is a citizen of the State of Oregon.

4. Defendant Michael Baskett is a sergeant with the Salem Police Department, and at all material times was acting under color of law. He is sued in his personal capacity.

5. Defendant Daniel Chase is an officer with the Salem Police Department, and at all material times was acting under color of law. He is sued in his personal capacity.

6. Defendant Thomas Ammon is a sergeant with the Salem Police Department, and at all material times was acting under color of law. He is sued in his personal capacity.

7. Defendant City of Salem (hereinafter, "City") is a political subdivision of the State of Oregon with the capacity to sue and be sued. The City runs the Salem Police Department.

## FACTUAL ALLEGATIONS

8. On February 28th, 2018, Plaintiff Carmona-Perez was at the Dark Horse Bar playing video poker.

9. Defendants Sergeant Michael Baskett, and Officers Daniel Chase and Thomas Ammon, officers with the Salem Police Department, entered the bar and surrounded Plaintiff from behind.

10. As a Sergeant, Defendant Baskett not only personally participated in the later-described tortious activity, but held a significant enough supervisory position as to make him a policy maker and enforcer for the City of Salem.

11. Defendant Baskett ordered Defendants Chase and Ammon to grab Plaintiff and lift him from the chair without a warning or explanation. After Defendants grabbed him, Plaintiff remembers hearing one of the officers ask him, "Are you Jose?" Plaintiff responded, "No." Plaintiff identifies himself as Artemio, or Jose Artemio, not Jose.

12. Defendant Baskett ordered Defendants Chase and Ammon to take Plaintiff to the ground. On the ground, while the other officers sat on Plaintiff and held him down with their knees, shins, and body weight, Defendant Chase began striking Plaintiff's head and bouncing it off the floor, knocking Plaintiff in and out of consciousness.

13. Based on Plaintiff's limited recollection of the incident, he does not recall Defendants Baskett, Chase or Ammon ever identifying themselves as law enforcement nor giving instructions in Spanish. Plaintiff has a limited understanding of English and did not understand what Defendants were yelling at him.

14. Plaintiff never threatened the officers nor was he armed. Plaintiff was not in active flight nor in the midst of committing a serious felony.

15. Plaintiff suffered multiple lacerations and bruises on his body and head.

16. Plaintiff provided Defendant City of Salem a timely Notice of Tort Claim.

### CLAIM 1: NEGLIGENCE

17. Plaintiff realleges the preceding paragraphs 1-16.

18. As alleged above, Defendants Baskett, Chase, and Ammon were agents of Defendant City of Salem.

19.     On the actions of its agents, Defendant City of Salem was negligent in the following particulars: In failing to properly announce their identities as law enforcement before putting their hands upon Plaintiff;

   a) In taking Plaintiff to the ground;

   b) In striking him in the head, neck and back;

   c) In failing to properly give instructions to Plaintiff and giving him an opportunity to comply; and

   d) In misapplying use of force standards.

20.     Being negligent in the above-listed ways would foreseeably lead to the types of injuries Plaintiff suffered. By acting negligently in the above-listed ways, Defendant breached its duty owed to Plaintiff.

21.     As a result, Defendant City was the but-for and proximate cause of Plaintiff's injuries, including injuries to his head, neck, wrist, and back, constant headaches, severe physical pain and emotional distress. Plaintiff is owed damages in an amount to be determined by a jury.

## CLAIM 2: BATTERY

22.     Plaintiff realleges the preceding paragraphs 1-12.

23.     As alleged above, Defendants Baskett, Chase, and Ammon were agents of Defendant City of Salem.

24.     Defendants Baskett, Chase, and Ammon did personally participate in and/or conspired with one another to intentionally touch Plaintiff in the form taking him to the ground and striking in the vulnerable areas of his head, neck and back. This intentionally take-down and striking was excessive, unlawful, and offensive.

25. As a result, Defendant City was the but-for and proximate cause of Plaintiff's injuries, including injuries to his head, neck, wrist, and back, constant headaches, severe physical pain and emotional distress. Plaintiff is owed damages in an amount to be determined by a jury.

### CLAIM 3: *MONELL* and PERSONAL LIABILITY, § 1983.

26. Plaintiff re-alleges preceding paragraphs 1-15.

27. Defendant City of Salem has maintained a pattern and practice of unconstitutional conduct that lead to Plaintiff's injury in the following ways:

   a) In staffing the Salem Police Department with unqualified law enforcement staff;

   b) In failing to maintain adequate training for all law enforcement personnel under their employment;

   c) In failing to ensure that Mr. Carmona-Perez received proper instructions in Spanish;

   d) In failing to have or enforce appropriate policies, procedures and protocols for non-English speaking individuals being placed under arrest; and

   e) In approving Defendants' conduct upon internal review and failing to discipline them.

28. As a result, Defendant City violated Plaintiff's right to be free from violations of his Fourth Amendment Rights to be free from unlawful searches and seizures.

29. In taking the actions described above, including unreasonably taking Plaintiff to the ground and beating him unprovoked, Defendants Baskett, Chase, and Ammon violated Plaintiff's constitutional right to be free from unlawful searches and seizures.

30. As a result, Defendant City was the but-for and proximate cause of Plaintiff's injuries, including injuries to his head, neck, wrist, and back, constant headaches, severe physical pain and emotional distress. Plaintiff is owed damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays for relief as follows:

    a. For judgment in favor of plaintiff against defendants for economic, non-economic and punitive damages in an amount to be determined at trail; and

    b. For such other and further relief as may appear just and appropriate.

DATED August 19, 2021.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
PO Box 5248
Portland, OR 97208