**Jennifer M. Gaddis**, OSB No. 071194
jgaddis@cityofsalem.net
City of Salem, Legal Department
555 Liberty St. SE, Room 205
Salem, Oregon 97301
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
    Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSE ARTERMIO CARMONA-PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SALEM; MARION COUNTY; CORPORAL MICHALE BASKETT; OFFICER D. CHASE; and OFFICER T. AMMON,<br><br>    Defendants. | Case No. 6:20-CV-00186-AA<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

In Answer to Plaintiff's Amended Complaint, Defendant City of Salem and Defendants Sergeant Mike Baskett, Officer Daniel Chase, and Officer Tom Ammon ("Defendants") admit, deny, and allege as follows:

Plaintiff's introductory paragraph is plaintiff's characterization of the case to which nor response is required. To the extent any facts are alleged, they are denied unless admitted hereafter.

///

///

PAGE 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

## JURISDICTION

1.

In response to paragraph 1, defendants admit that this court has federal question jurisdiction over Plaintiff's claims brought under federal law but denies that there is any merit to his claims. Defendants acknowledge that the Court could choose to invoke supplemental jurisdiction with respect to the state law claims that Plaintiff purports to bring in this case but denies that there is any merit to such claims.

## VENUE

2.

In response to paragraph 2, defendants admit that venue is proper for all the claims alleged in this lawsuit.

## PARTIES

3.

In response to paragraph 3, defendants have insufficient information to admit or deny that plaintiff is a citizen of the State of Oregon and therefore deny.

4.

In response to paragraphs 4 through 7, defendants admit that Sgt. Michael Baskett, Officer Daniel Chase and Officer Thomas Ammon were at all material times acting under color of state law. Defendants admit that the City of Salem is a political subdivision of the State of Oregon and that the Salem Police Department is a department within the City of Salem.

///

///

///

## FACTUAL ALLEGATIONS

5.

In response to paragraph 8, defendants admit that on February 28, 2018, plaintiff was at the Dark Horse Bar playing video poker.

6.

In response to paragraph 9, defendants admit that upon entering the bar, Officers Chase and Ammon approached plaintiff on either side of plaintiff and Sgt. Baskett approached him from behind. Defendants deny the remaining factual allegations in paragraph 9.

7.

In response to paragraph 10, defendants deny paragraph 10 in its entirety.

8.

In response to paragraphs 11 and 12, defendants admit that upon contacting plaintiff, Officer Chase identified himself as a police officer and told plaintiff he was under arrest, pursuant to warrant. Defendants admit that as they attempted to handcuff him, plaintiff tried to pull away from the officers. Defendants admit that, despite telling plaintiff to stop resisting, plaintiff refused to comply, and defendants put plaintiff on the ground. Defendants admit that plaintiff tucked his hands beneath his body, while on the ground. Defendants admit that plaintiff had not yet been checked for weapons and was dressed in baggy sweatshirt. Defendants admit that they repeatedly told plaintiff to stop resisting arrest, but he refused to comply, kicking his legs, laying on top of his arms and moving his body. Defendants admit that Officer Chase used heel-palm strikes on plaintiff. Defendants deny the remaining allegations in paragraphs 11 and 12.

///

9.

In response to paragraph 13, defendants have insufficient information to admit or deny paragraph 13 and therefore deny it in its entirety.

10.

In response to paragraph 14, defendants deny paragraph 14 in its entirety.

11.

In response to paragraph 15, defendants deny that plaintiff suffered any injuries as a result of tortious conduct by defendants.

12.

Defendants admit paragraph 16.

## CLAIM 1: NEGLIGENCE

13.

Paragraph 17 requires no response from defendants.

14.

In response to paragraphs 18 through 21, defendants admit that at all times material Sgt. Baskett, Officer Ammon and Officer Chase were acting as agents of the City of Salem. Defendants deny the remaining allegations in paragraphs 19 through 21.

## CLAIM 2: BATTERY

15.

Paragraph 22 requires no response from defendants.

///

///

///

16.

In response to paragraphs 23 through 25, defendants admit that at all times material Sgt. Baskett, Officer Ammon and Officer Chase were acting as agents of the City of Salem. Defendants deny the remaining allegations in paragraphs 24 through 25.

## CLAIM 3: *MONELL* and PERSONAL LIABILITY, § 1983

17.

Paragraph 26 requires no response from defendants.

18.

Defendants deny paragraphs 27 through 30 in their entirety.

## AFFIRMATIVE DEFENSES

Defendants incorporates herein, for each affirmative defense, the admissions, denials and allegations set forth above.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

19.

Defendants allege that at all times material to Plaintiff's complaint, Plaintiff was not deprived of any right, privilege or immunity secured by the United States Constitution, the laws of the United States or the State of Oregon and therefore Plaintiff fails to state a claim under 42 U.S.C. §1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## SECOND AFFIRMATIVE DEFENSE

### (Probable Cause)

20.

Defendants allege there was probable cause for the actions taken by Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonable Use of Force)

21.

Defendants allege the force used by Defendants was objectively reasonable under the totality of the circumstances.

## FOURTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

22.

Defendants allege they are immune from liability under the doctrine of qualified immunity in that their conduct did not violate any clearly established law and their actions were objectively reasonable at all times.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

23.

Defendants allege their actions and conduct were taken in the good-faith performance of their official duties, without malice, and therefore were privileged and justified under common law and ORS 133.315.

## SIXTH AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act)

24.

To the extent Plaintiff pursues or is pursuing state or common law claims, such claims are subject to the requirements of the Oregon Tort Claims Act, ORS 30.260 *et seq*, including timely tort claim notice submission and damage limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Responsible for Harm)

25.

Some, or all, of the harm Plaintiff complained of was a result of Plaintiff's own actions, inactions, or participation in the activities complained of.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations and Laches)

26.

Defendants allege Plaintiff's claims are barred by the applicable statute of limitations or the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

27.

Defendants allege Plaintiff failed to mitigate his injuries or damages.

## TENTH AFFIRMATIVE DEFENSE

### (Apparent Authority)

28.

Defendants at all times were acting while under apparent authority and are, therefore, immune from liability under ORS 30.265(6)(f).

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

29.

Defendants reserve the right to assert additional affirmative defenses as may become known through investigation and discovery.

## JURY DEMAND

30.

Defendants hereby invoke their rights to trial by jury of all matters so triable.

WHEREFORE, having fully answered plaintiff's complaint, defendants pray for a judgment in their favor, for dismissal of plaintiff's Amended Complaint with prejudice and in its entirety, for an award of costs and disbursements incurred herein and for such other and further relief as the Court may deem appropriate.

DATED: August 25, 2021.

*s/ Jennifer M. Gaddis*
Jennifer M. Gaddis, OSB 071194
jgaddis@cityofsalem.net
Attorney for Defendants City of Salem, Baskett, Chase, and Ammon