**Jennifer M. Gaddis**, OSB No. 071194
jgaddis@cityofsalem.net
City of Salem, Legal Department
555 Liberty St. SE, Room 205
Salem, Oregon 97301
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
      Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSE ARTEMIO CARMONA-PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SALEM, MICHAEL BASKETT, DANIEL CHASE, and THOMAS AMMON,<br><br>    Defendants. | Case No. 6:20-CV-00186-AA<br><br>**DECLARATION OF MICHAEL BASKETT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

    I, Michael Baskett, hereby declare under penalty of perjury that the following is true and correct:

    1.    I am currently a Sergeant with the City of Salem Police Department. I have worked as a law enforcement with the City of Salem's Police Department since 1996. This declaration is offered for the purposes of presenting testimony in support of the material facts relevant to and in support of Defendant's Motion for Summary Judgment. I would testify to the truth of these matters at any proceeding in this case.

PAGE 1 – DECLARATION OF MICHAEL BASKETT IN SUPPORT OF DEFENDANTS' MOTION FOR
        SUMMARY JUDGMENT

2.   On February 27, 2018, I was informed by another Salem Police Department (SPD) officer that plaintiff had a confirmed felony warrant for his arrest and had recently been indicted on several domestic violence charges, including Assault I (Class A Felony) for attempting to run over the victim with a motor vehicle. Unfortunately, due to a heavy volume of unrelated emergency calls and requests for service, I was unable to locate plaintiff and arrest him.

3.   On February 28, 2018, I again attempted to locate plaintiff to arrest plaintiff. Officers Daniel Chase and Thomas Ammon assisted me in the arrest.

4.   On February 28, 2018, I received information that plaintiff was at a local Salem bar called the Dark Horse Bar and Grill.

5.   Based on a Law Enforcement Data Systems ("LEDS") review, I learned that plaintiff's record listed "cautions" for Assault II (Class B Felony) and Unlawful Use of a Weapon (Class C Felony), as well as a past history of Resisting Arrest (Class A Misdemeanor). Based on my training and experience, I know that a notation by law enforcement that an individual has a "caution" indicator on their LEDS record means that the individual should be treated as dangerous and to proceed with caution.

6.   Prior to arriving at the bar, I also viewed a photo of plaintiff and I learned information that plaintiff would be wearing a green sweatshirt.

7.   When we entered Dark Horse Bar, Officer Chase and Officer Ammon were all in SPD uniform.

8.   I observed plaintiff sitting at a video poker machine near the back of the bar, wearing a baggy sweatshirt. The officers and I surrounded the plaintiff, Officer Ammon on the plaintiff's left, Officer Chase on his right, and I stood behind the plaintiff.

PAGE 2 – DECLARATION OF MICHAEL BASKETT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

9. I observed Officer Ammon take ahold of plaintiff's left arm and Officer Chase take ahold of plaintiff's right arm. I heard Officer Chase identify himself as a police officer and tell plaintiff that he was under arrest.

10. I could see plaintiff immediately tense up, and I pushed him forward toward the poker machine to try and prevent him from pulling away. However, as soon as I did this, I realized that the poker machine's glass screen could potentially shatter and harm either plaintiff, myself, or my fellow officers if the situation continued to escalate.

11. I directed the other officers to take plaintiff to the floor in order to gain better control of him. When we took plaintiff to the floor, Officer Ammon lost control over plaintiff's left arm and hand. Officer Chase also lost control over plaintiff's right arm and hand and plaintiff immediately placed both hands underneath his body as he struggled against us face down on the floor.

12. None of us had been given the opportunity to pat plaintiff down for weapons, and his repeated and consistent attempts to resist us and keep his hands under his body, near his waistband, were very concerning to me. I believed he could have a weapon. Based on my training and experience, I know that the baggy sweatshirt plaintiff was wearing could conceal a weapon.

13. Despite repeated and loud verbal commands to stop resisting, plaintiff refused to submit to arrest. Instead, he kept his hands underneath his body, repeatedly kicked his legs, and squirmed his body away from us.

14. Officer Chase delivered several palm strikes to the back of plaintiff's head. Plaintiff stopped resisting and his body relaxed, allowing Officer Ammon to handcuff him. As

soon as he was handcuffed, however, plaintiff again began resisting arrest and tried to get his hands out of the handcuffs.

**I hereby declare under penalty of perjury that the foregoing is true and correct.**

DATED this 22nd day of August, 2022.

*s/ Michael Baskett*
Michael Baskett
